**F I L E D**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR 0 4 2018
4-4-2018

**JUDGE JOHN Z. LEE**
UNITED STATES DISTRICT COURT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 17 CR 226 |
| v. | ) | |
| | ) | Honorable John Z. Lee |
| DINIKA LAWRENCE | ) | |
| | ) | |

## PLEA DECLARATION

The defendant, DINIKA LAWRENCE, after extensive consultation with her attorney,
SERGIO F. RODRIGUEZ, acknowledges and states the following:

1.     She has been charged in a three-count indictment.    Counts One and Two each
charge the defendant with bank robbery, and Count Three charges her with attempted bank
robbery, all in violation of Title 18, United States Code, Section 2113(a).

2.     She has read the charges contained in the indictment, and those charges have been
fully explained to her by her attorney.

3.     She fully understands the nature and elements of the crimes with which she has
been charged.

4.     She will enter a voluntary plea of guilty to all of the Counts contained in the
indictment.

1

Factual Basis

     5.     She will plead guilty because she is in fact guilty of the charges contained in the indictment. In pleading guilty, Ms. Lawrence acknowledges the following facts to be true:

     a.     With respect to Count One of the indictment:

On or about June 23, 2016, at Riverdale, in the Northern District of Illinois, Eastern Division, DINIKA LAWRENCE, by intimidation, took from the person and presence of a bank employee approximately $20,000 in United States currency belonging to, and in the care, custody, control, management, and possession of Chase Bank, 244 W. 144th St., Riverdale, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation; in violation of Title 18, United States Code, Section 2113(a).

Specifically, on or about June 23, 2016, at approximately 3:42 p.m., the defendant entered the Chase Bank branch located at 244 W. 144th St., Riverdale, Illinois and approached a bank employee under the pretense of conducting a banking transaction. The defendant went into the bank employee's cubical and presented her with a demand note which read "stay calm, I have a bomb strapped to me, men from ISIS are holding my kids hostage three blocks from here, the timer is set for 12 minutes, I need $20,000 in $20s." The defendant told the bank employee ISIS was watching her with a camera and had a way to detonate the bomb. The defendant then showed the bank employee a black device that appeared to be a digital clock or timer hanging around her neck. In response, the bank manager gave the defendant $20,000 in $20 bills, and the defendant then exited the bank. At the time of the robbery, the deposits of Chase Bank were insured by the Federal Deposit Insurance Cooperation.

   b.  With respect to Count Two of the indictment:

On or about September 9, 2016, at Riverdale, in the Northern District of Illinois, Eastern Division, DINIKA LAWRENCE, by intimidation, took from the person and presence of a bank employee approximately $66,000 in United States currency belonging to, and in the care, custody, control, management, and possession of Chase Bank, 244 W. 144th St., Riverdale, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation; in violation of Title 18, United States Code, Section 2113(a).

Specifically, on or about September 9, 2016, the defendant entered the Chase Bank branch located at 244 W. 144th St., Riverdale, Illinois and approached the teller window. The defendant said to the teller, "I have a bomb, you have 2 minutes to give me $100,000." In response, the teller put approximately $66,000 into a plastic bag and placed that plastic bag through the drawer at the teller window. The defendant said, "I don't want any marked money." After being assured that the money was not marked, the defendant took the bag and left the bank. At the time of the robbery, the deposits of Chase Bank were insured by the Federal Deposit Insurance Cooperation.

   c.  With respect to Count Three of the indictment:

On or about March 24, 2017, at Palos Heights, in the Northern District of Illinois, Eastern Division, DINIKA LAWRENCE, by intimidation, attempted to take from the person and presence of a bank employee United States currency belonging to, and in the care, custody, control, management, and possession of Chase Bank, 12657 S. Ridgeland Ave., Palos Heights, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation; in violation of Title 18, United States Code, Section 2113(a).

Specifically, on or about March 24, 2017, the defendant entered the Chase Bank branch located at 12657 S. Ridgeland Ave., Palos Heights, Illinois and approached the teller window and presented the teller with a demand note. The defendant said to the teller, "Give me everything." The teller pressed the alarm button. The defendant then took the note with her and walked out of the bank without receiving any money. At the time of the robbery, the deposits of Chase Bank were insured by the Federal Deposit Insurance Cooperation.

Potential Penalties

6.     a.     Count One carries a maximum sentence of 20 years' imprisonment. Count One also carries a maximum fine of $250,000. Defendant further understands that with respect to Count One the judge also may impose a term of supervised release of not more than three years.

       b.     Count Two carries a maximum sentence of 20 years' imprisonment. Count Two also carries a maximum fine of $250,000. Defendant further understands that with respect to Count Two, the judge also may impose a term of supervised release of not more than three years.

       c.     Count Three carries a maximum sentence of 20 years' imprisonment. Count Three also carries a maximum fine of $250,000. Defendant further understands that with respect to Count Three the judge also may impose a term of supervised release of not more than three years.

       d.     Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

       e.     In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which she has pled guilty, in addition to any other penalty or restitution imposed.

4

f.     Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is 60 years' imprisonment. In addition, defendant is subject to a total maximum fine of $750,000, a period of supervised release, and special assessments totaling $300, in addition to any restitution ordered by the Court.

Guidelines Calculations

7.     Ms. Lawrence understands that the guidelines promulgated by the United States Sentencing Commission pursuant to 28 U.S.C. § 994 will apply to her case.   Ms. Lawrence is aware that the government believes that the following guidelines might apply to her case:   At this time, Ms. Lawrence does not take a position regarding what guidelines may apply to her case.

a.     It is Ms. Lawrence's belief at this time that the government will allege at sentencing that all three counts in this case group and the anticipated combined base offense level for the counts will be 28.

b.     It is Ms. Lawrence's position that she has accepted responsibility for her actions and that she has done so in a timely manner.   Therefore, it is the defendant's position that a three-level reduction is appropriate under §3E1.1(a) & (b).

c.     Ms. Lawrence believes that she is likely in a criminal history category I.

d.     An adjusted offense level 25 coupled with a criminal history category I results in a possible guideline range of 57 to 71 months' custody.

8.     Ms. Lawrence understands that the Court and the Probation Office will conduct their own investigation and that the Court ultimately determines the facts and law relevant to sentencing and that the Court's determinations govern the final Sentencing Guidelines calculations.

5

Trial Rights and Appellate Rights

     9.    Ms. Lawrence understands that by pleading guilty she surrenders certain rights, including the following:

    a.    If defendant persisted in a plea of not guilty to the charge against her, she would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

    b.    If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and her attorneys would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

    c.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

    d.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorneys would be able to cross examine them. In turn, defendant could present witnesses and other evidence in her own behalf. She would be under no obligation to do so, however, because she is presumed to be innocent and thus need not

6

prove her innocence. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court.

        e.      At a trial, defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify in her own behalf.

        10.    Ms. Lawrence understands that by pleading guilty she is waiving all the rights set forth in the prior paragraph. By pleading guilty Ms. Lawrence admits she is guilty and agrees that she should be found guilty. Ms. Lawrence's attorneys have explained those rights to her, and the consequences of her waiver of those rights. Ms. Lawrence further understands that she is waiving all appellate issues that might have been available if she had exercised her right to trial and only may appeal the validity of this plea of guilty, the ineffective assistance of counsel, or the sentence.

Limitations and Consequences of this Plea Declaration

        11.    Ms. Lawrence understands that the United States Attorney's Office will inform the District Court and the United States Probation Office of the nature, scope, and extent of her conduct regarding these charges and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Ms. Lawrence further understands that she will be able to present evidence in mitigation for sentencing.

        12.    Ms. Lawrence understands that at the time of sentencing, the government and the defendant will be free to make their respective recommendations to the Court as they deem appropriate.

7

13.     Ms. Lawrence understands that the sentencing guidelines are no longer mandatory, and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a) may result in a sentence either within, greater, or less than the applicable sentencing guideline range. Ms. Lawrence understands that the applicable sentencing guideline range is one factor which this Court is required to take into consideration under 18 U.S.C. § 3553(a)(4), along with the other required factors under § 3553(a).

14.     Should this Court refuse to accept Ms. Lawrence's plea of guilty, this Plea Declaration shall become null and void, and defendant will not be bound thereto.     It is the defendant's position that, should the Court decline to accept her plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings pursuant to Federal Rule of Evidence 410.

15.     Ms. Lawrence agrees that this Plea Declaration shall be filed and become part of the record of the case.

16.    Ms. Lawrence and her attorneys acknowledge that no threats, promises, or

representations have been made, nor agreements reached, to induce her to plead guilty all of the

Counts contained in the indictment.    Ms. Lawrence further acknowledges that she has read this

Plea Declaration and carefully reviewed each provision with her attorneys.

Signed this _____ day of April, 2018

_____
Dinika Lawrence, Defendant

FEDERAL DEFENDER PROGRAM
Carol A. Brook,
Executive Director

By: _____
Sergio F. Rodriguez
Attorney for Defendant

SERGIO RODRIGUEZ
FEDERAL DEFENDER PROGRAM
55 East Monroe Street, Suite 2800
Chicago, IL 60603
(312) 621-8300

9